James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
 Jeshelton595@gmail.com
*Plaintiff, Pro Se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON** | : |
| | : |
| | :    No. _____ |
| | : |
| **Plaintiff** | : |
| | : |
| v. | : |
| | : |
| | : |
| **REGAL CAPITAL GROUP, LLC** | : |
| | : |
| **Defendant** | : |
| | : |

## COMPLAINT:

Plaintiff, James Everett Shelton, brings this action against Defendant, REGAL CAPITAL GROUP, LLC, a Wyoming limited liability company, and alleges based on personal knowledge and information, and belief, as follows:

## Preliminary Statement

1.      Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that REGAL CAPITAL GROUP, LLC made at least twenty-eight (28) telemarketing calls and text messages for the purposes of commercial solicitation by contacting Plaintiff's personal and residential telephone number listed on the National Do-Not-Call Registry, which is prohibited by the TCPA.

2.      Plaintiff never consented to receive any of these phone calls or text messages, which were placed to him for telemarketing purposes.

1

## PARTIES

**3.**      The Plaintiff is JAMES EVERETT SHELTON ("Plaintiff"), a natural person, and was

the individual who received the alleged phone calls in this case on his private mobile and

residential telephone.

**4.**      Defendant REGAL CAPITAL GROUP, LLC ("Regal") is a limited liability company

organized and existing under the laws of Wyoming, and can be served via its registered agent,

Cloud Peak Law, LLC, 1095 Sugar View Dr Ste 500, Sheridan, WY 82801.

**5.**      Defendant markets and sells, inter alia, loans and business financing to people in

Pennsylvania, and engages in telemarketing into this district, as it did with the Plaintiff.

## JURISDICTION & VENUE

**6.**      **Subject-Matter Jurisdiction:** This Court has federal-question subject matter jurisdiction

over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal

statute. *Mims v. Arrow Fin. Servs., LLC*, 556 U.S. 368, 372 (2012).

**7.**      **Personal Jurisdiction:** This Court has specific personal jurisdiction over the Defendant

because Defendant has repeatedly placed calls and text messages to the Plaintiff who is a

resident of this District and owns a telephone number with a Pennsylvania (484) area code which

represents a Pennsylvania telephone service region in the Eastern District of Pennsylvania, and

Defendant derives revenue from Pennsylvania residents, and they sell goods and services to

people in Pennsylvania, including the Plaintiff.

**8.**      **Venue:** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that

Defendant conducts business in, and a substantial part of the events giving rise to Plaintiff's

claims occurred in Montgomery County, Pennsylvania, and Plaintiff was physically present in

the Eastern District of Pennsylvania for many of the calls as alleged in this Complaint, and

Plaintiff is a resident of the Eastern District of Pennsylvania. Defendant conducts business in this judicial district by calling people in Pennsylvania.

## **Statutory Background**

## **The Telephone Consumer Protection Act**

**9.**    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**10.**    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." I*n re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

The National Do-Not-Call Registry

**11.**    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

**12.**    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

**13.**    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

14.     A text message is considered a "call" under the TCPA. *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016).

## FACTUAL ALLEGATIONS:

15.     Defendant provides loans and business financing services to people in Pennsylvania and nationwide.

16.     Defendant routinely violates the TCPA as a part of its business model and knowingly and willfully commits TCPA violations.

17.     At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (484) 626-3942.

18.     At all times material hereto, Plaintiff was the subscriber of the telephone number (484) 626-3942 and paid his cell phone bill through T-Mobile.

19.     All calls to Plaintiff described herein were to that number.

20.     It has been assigned to Plaintiff since 2014.

21.     Plaintiff's phone number is his private cell phone number and is used by Plaintiff solely.

22.     Plaintiff's phone number is registered with T-Mobile as his personal telephone number and not as a business telephone number.

23.     At all times material hereto, Plaintiff's telephone number was not held out by Plaintiff as the contact telephone number for any business.

24.     Plaintiff's personal cellular telephone number is a "residential" telephone number that he uses for various personal, family, and household purposes, such as sending and receiving emails, timing food when cooking, sending and receiving text messages, calling friends and family while at home, using the phone's alarm function to wake up in the morning, and for navigation purposes.

4

25.     The Plaintiff maintains no landline phones at his residence and has not done so for approximately eight (8) years and primarily relies on his cellular phone to communicate with friends and family.

26.     Plaintiff's personal cellular telephone number (484) 626-3942 has been registered on the National Do-Not-Call Registry since June 26, 2015.

27.     Plaintiff registered his phone number on the Do Not Call Registry in order to obtain solitude from invasive and harassing telemarketing calls and text messages. The telemarketing calls prevented Plaintiff from using his phone for legitimate purposes.

28.     The Plaintiff has received at least twenty-eight (28) telemarketing calls and text messages between September 22, 2022 and November 23, 2022 to his personal and residential cell phone number 484-626-3942, without his prior express written consent and not related to an emergency purpose, promoting working capital and/or financing services from Defendant.

29.     **Call 1:** On September 22, 2022 at 1:56 PM the Plaintiff received a telemarketing call which displayed on Plaintiff's caller identification as (484) 218-2241.

30.     Plaintiff answered.

31.     The Plaintiff heard a prerecorded message about his ability to receive business funding.

32.     Plaintiff was then transferred to "Ivan Lohr", a representative from Regal Capital Group, LLC.

33.     Defendant's representative pitched Plaintiff on a business loan.

34.     Plaintiff provided Defendant with his e-mail address and feigned interested in the telemarketing pitch for the sole purpose of identifying who was calling.

35.     At no time did Plaintiff give Defendant permission to call him in the future. The Plaintiff

told Defendant he would call them back if he had any questions or was interested in the

Defendant's services.

36.     During the phone call, at 11:11 AM, Plaintiff received an e-mail contacting a Clixsign

link. The Clixsign email was sent by Ivan Lohr (ilohr@regalcapgroup.com) requesting Plaintiff's

signature on documents. *See* Exhibit "1", a true and correct copy of said e-mail.

37.     **Call 2 (first text):** On September 22, 2022 at 11:11 AM, Plaintiff received a text

message from phone number (949) 312-9600. The text message read:

> "Document Signature Requested:
> https://clixsign.com/sign/d3e4dc969c02254ea18599c342411ac1. Reply STOP to
> unsubscribe."

38.     Plaintiff also received an e-mail at 11:13 AM, just two (2) minutes later, from

ilohr@regalcapitalgroup.com, attempting to get Plaintiff to complete a "verification form" and

send bank statements to Defendant.

39.     **Call 3:** On September 23, 2022 at 12:19 PM, Plaintiff received a telemarketing call from

caller ID 949-281-2778, and spoke with Ivan Lohr from Regal Capital Group. Mr. Lohr

attempted to get the Plaintiff to send him a signed application for funding.

40.     Plaintiff hung up the phone without giving Defendant permission to call back. The call

lasted approximately one (1) minute.

41.     **Call 4 (second text)**: On September 23, 2022 at 1:18 PM, Plaintiff received a text

message from Defendant from phone number 949-312-9600. The text read:

> "Hey James, just a friendly reminder that we just need that signed app and 6 bank
> statements from you."

42.     **Call 5 (third text):** On September 25, 2022 at 1:19 PM, Plaintiff received another

marketing text message from Defendant from phone number 949-312-9600.

43.     **Call 6:** On September 26, 2022 at 11:38 AM, Plaintiff received a missed telemarketing call and voicemail from Defendant from phone number 949-281-2778.

44.     **DNC Request:** On September 26, 2022 at 11:44 AM, Plaintiff e-mailed Defendant's representative, Ivan Lohr, ilohr@regalcapitalgroup.com, and wrote "Ivan please don't call me again, thanks." A true and correct copy of this e-mail is attached as Exhibit "2".

45.     Mr. Lohr responded to Plaintiff's DNC request sent via e-mail, indicating he received the email.

46.     Plaintiff believes, and therefore avers, that Defendant did not train their representatives to honor and abide by DNC requests made by consumers.

47.     It is evidently Defendant's business practice to continue placing sales calls to consumers who have already made DNC requests and who have stated they are not interested in Defendant's services. Such conduct violates the TCPA and its implementing regulations, 47 CFR § 64.1200(d)(3)(requiring telemarketers to honor and record DNC requests when made).

48.     After Plaintiff's DNC request sent on September 26, 2022, Plaintiff received another twenty-two (22) telemarketing calls from Defendant, without his consent.

49.     **Call 7 (fourth text)**: On September 26, 2022 at 1:16 PM, Plaintiff received a text from phone number 949-312-9600, which read:

> "Hey James, just a friendly reminder that we just need that signed app and 6 bank statements from you."

50.     For the sake of brevity, Table A below is a summary of the phone calls and text messages sent by Defendant to the Plaintiff's phone number:

| Call Number | Date: | Time: | Caller ID: | Notes: |
|---|---|---|---|---|
| 1 | 9/22/2022 | 11:03 AM | 484-218-2241 | Prerecorded Telemarketing Call. Received email at 11:11 AM. |
| 2 | 9/22/2022 | 11:11 AM | 949-312-9600 | Text: Document Signature Requested: https://clixsign.com/sign/d3e4dc969c02254ea18599c342411ac1. Reply STOP to unsubscribe." |
| 3 | 9/23/2022 | 12:19 PM | 949-281-2778 | Telemarketing call lasted 1 minute. |
| 4 | 9/25/2022 | 1:18 PM | 949-312-9600 | Text: Hey James it's Ivan Lohr with Regal. Did you receive the application I sent over to jeshelton595@gmail.com? |
| 5 | 9/25/2022 | 1:19 PM | 949-312-9600 | Text: "Hey James, just a friendly reminder that we just need that signed app and 6 bank statements from you." |
| 6 | 9/26/2022 | 11:38 AM | 949-281-2778 | Missed call, 27 second long voicemail. |
| **DNC Request** | 9/26/2022 | 1:16 PM | 949-312-9600 | DNC Email: "Ivan please don't call me again, thanks." |
| 7 | 9/26/2022 | 1:16 PM | 949-312-9600 | Text: "Hey James, just a friendly reminder that we just need that signed app and 6 bank statements from you." |
| 8 | 9/27/2022 | 5:23 PM | 949-312-9600 | Text: "Hello James, this is Ivan. I understand you are busy. You said you need funds for a new route to San Diego. Please contact me once you are available." |
| 9 | 9/28/2022 | 6:17 PM | 949-281-2778 | Missed Call |
| 10 | 9/29/2022 | 1:25 PM | 949-281-2778 | Missed Call & Voicemail. |
| 11 | 10/5/2022 | 11:26 AM | 949-281-2778 | Missed Call & Voicemail |
| 12 | 10/5/2022 | 11:27 AM | 949-281-2778 | Text: "Hello James, Ivan here. Let me know if you are still in need of funding for the new route to San Diego, or if you are not interested anymore. Thank you!" |
| 13 | 10/7/2022 | 1:24 PM | 949-312-9600 | Text: "Hey James it's Ivan Lohr, can you give me a call please?" |
| 14 | 10/7/2022 | 2:36 PM | 949-281-2778 | Missed Call & Voicemail |
| 15 | 10/10/2022 | 2:59 PM | 949-281-2778 | Missed Call |
| 16 | 10/19/2022 | 10:39 AM | 949-281-2778 | Missed Call |
| 17 | 10/22/2022 | 2:15 PM | 949-312-9600 | Text: "Hey James, are you still considering a line of credit or loan for your business? I'm here to help. -Ivan Lohr" |
| 18 | 10/31/2022 | 1:54 PM | 949-281-2778 | Telemarketing call. Did not give permission for calls back. |
| 19 | 10/31/2022 | 2:57 PM | 949-312-9600 | Text: "Document Signature Requested: https://clixsign.com/sign/f25d78907c7be38e73313b41ec39c2d1" |

| 20 | 11/1/2022 | 4:39 PM | 949-281-2778 | Missed Call |
|---|---|---|---|---|
| 21 | 11/2/2022 | 1:15 PM | 949-312-9600 | Text: "Hey James, it's Ivan Lohr with Regal. Did you receive the application I sent over to jeshelton595@gmail.com?" |
| 22 | 11/4/2022 | 1:15 PM | 949-312-9600 | Text: "Hey James, just a friendly reminder that we just need that signed app and 6 bank statements from you." |
| 23 | 11/4/2022 | 3:48 PM | 949-281-2778 | Missed Call |
| 24 | 11/5/2022 | 1:16 PM | 949-312-9600 | Text: "Hey James, just a friendly reminder that we just need that signed app and 6 bank statements from you." |
| 25 | 11/8/2022 | 12:20 PM | 949-281-2778 | Missed Call |
| 26 | 11/16/2022 | 10:21 AM | 949-281-2778 | Missed Call |
| 27 | 11/16/2022 | 1:17 PM | 949-312-9600 | Text: "Hey James it's Ivan Lohr, can you give me a call please?" |
| 28 | 11/23/2022 | 12:45 PM | 949-281-2778 | Missed Call |

51.     Plaintiff did not want or need a loan or any financing.

52.     Defendant did not have the Plaintiff's prior express written consent to send any of these text messages or phone calls.

53.     Prior to these unsolicited telephone communications, the Plaintiff has never done any business with Defendant and Plaintiff never provided Defendant with his cellular telephone number.

54.     At no time during any of Plaintiff's interactions with Defendant did Plaintiff give his consent to receive calls back in the future.

55.     At no time did Plaintiff ever purchase any of the Defendant's products or services.

56.     To the extent Defendant contends that it obtained consent or agreement from Plaintiff for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that such records be maintained. In any event, consent is an affirmative defense under the TCPA, this defense is unavailable unless Defendant can show that they had prior express consent in writing, and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2),

including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records documenting such access. Defendant did not have prior express written consent to such calls from Plaintiff.

57.     Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

58.     Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a cellular telephone number in his personal name and is used for personal purposes.

59.     These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

60.     Defendant is not an organization exempt from the TCPA.

61.     Defendant's calls to Plaintiff were "telephone solicitations" as defined by the TCPA.

62.     Defendant's calls to Plaintiff were "unsolicited advertisements" as defined by the TCPA.

63.     Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of his phone because of the text message and telephone call notifications, and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

64.     In summary, Plaintiff received twenty-eight (28) telemarketing calls and text from Defendant to Plaintiff's personal residential cell phone number which is registered on the

National Do-Not-Call list. The first call contained a pre-recorded voice message, in violation of 47 U.S.C. § 227(b)(1)(A).

**Defendant Failed and/or Refused to Produce their DNC Policy to Plaintiff**

**65.** Prior to filing this lawsuit, on November 25, 2022, Plaintiff e-mailed Defendant and asked to receive a copy of Defendant's internal "Do-Not-Call Policy". *See* Exhibit "2".

**66.** On November 28, 2022, Defendant acknowledged receipt of Plaintiff's e-mail and said "Understood". *See* Exhibit "2".

**67.** Despite this request, Plaintiff never received any Do-Not-Call Policy from the Defendant.

**68.** Plaintiff believes, and therefore avers, that this is because Defendant does not maintain a Do-Not-Call Policy, and do not have procedures in place to comply with the TCPA and National Do-Not-Call Registry's requirements.

**69.** Plaintiff believes, and therefore avers, that Defendant does not purchase the National Do-Not-Call Registry from the Federal Trade Commission ("FTC").

**70.** Defendant does not scrub its telemarketing lists against the National Do-Not-Call Registry.

**71.** Defendant does not train their employees, representatives, and/or agents to comply with "Do-Not-Call requests" from called parties, including those who are on the Do-Not-Call list.

**Causes Of Action**

**Count One:**
**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)**

**72.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

73.     Defendant called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

74.     Plaintiff was statutorily damaged at least twenty-eight (28) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the telephone calls described above, in the amount of $500.00 per call.

75.     Plaintiff was further statutorily damaged because Defendant willfully and/or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful and/or knowing violation.

76.     As a result of Defendant's and Defendant's agent's violations of 47 U.S.C. §227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks for himself $500.00 in statutory damages, or $1,500.00 if trebled as permitted by statute, for each and every violation, pursuant to 47 U.S.C. §227(c)(3)(F).

77.     Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Count Two:
**("Calling a Cellular Telephone Number Using a Prerecorded and/or Artificial Voice"),
U.S.C. § 227(b)(1)(A)(iii)**

78.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

79.     Defendants called Plaintiff's cellular telephone using an "artificial or prerecorded voice" as defined by the TCPA on at least one (1) occasion in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

80.     Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(b)(3)(B) by Defendants by the telephone call described above, in the amount of $500.00.

81.     Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount to $1,500.00 as permitted under U.S.C. § 227(b)(3)(C) for this willful and/or knowing violation.

82.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Count Three:**
**(Violation of the TCPA's Implementing Regulations**
**"Do Not Call Policy" Requirement, 47 C.F.R. 64.1200(d)(1))**

83.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

84.     Defendant failed and/or refused to provide Plaintiff with a copy of their Do-Not-Call Policy, after Plaintiff requested it in writing on November 25, 2022.

85.     Defendant made at least one twenty-eight (28) calls to the Plaintiff without having a Do-Not-Call Policy or Do-Not-Call procedures in place during the calls.

86.     As a result of Defendant's and Defendant's agents' negligent violations of 47 CFR § 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages, pursuant to the implied private right of action.

87.     Plaintiff was statutorily damaged one (1) time under 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(d)(1) by the Defendant when they failed and/or refused to provide Plaintiff with a copy of Defendant's Do-Not-Call policy, in the amount of $500.00.

88.     Plaintiff was further statutorily damaged because Defendant willfully and/or knowingly violated this subsection of the TCPA and its implementing regulations.

89.     As a result of Defendant's and Defendant's agent's knowing and/or willful violation of 47 CFR § 64.1200(d)(1), Plaintiff seeks for himself $1,500.00 in trebled statutory damages, as permitted under U.S.C. § 227(c)(5) for this willful and/or knowing violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff James Everett Shelton prays for judgment against the Defendant as follows:

    A.  Leave to amend this Complaint to name additional DOES as they are identified and to conform to the evidence presented at trial;

    B.  A declaration that actions complained of herein by Defendant violated the TCPA.

    C.  An injunction enjoining Defendant and its affiliates and agents from engaging in the unlawful conduct set forth herein;

On Counts I:

    D.  For awards of $500 for each negligent violation as set forth in Counts I-III.

    E.  For awards of $1,500 for each knowing and/or willful violation as set forth in Count I-III.

    Total Damages Requested: **$45,000.00**

## **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: November 28, 2022

                                          */s/ James Everett Shelton*
                                           James Everett Shelton
                                            *Plaintiff, Pro Se*
                                         316 Covered Bridge Road
                                        King of Prussia, PA 19406
                                         Phone: 484-626-3942
                                         Jeshelton595@gmail.com

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMES EVERETT SHELTON

## DEFENDANTS
REGAL CAPITAL GROUP, LLC

**(b)** County of Residence of First Listed Plaintiff   **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **SHERIDAN**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James Everett Shelton, Plaintiff Pro Se, 316 Covered Bridge Road, King of Prussia, PA 19406, 484-626-3942

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 880 Defend Trade Secrets | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☒ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. Section 227 et. seq.
Brief description of cause:
Violations of the TCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
45,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
11/28/2022

SIGNATURE OF ATTORNEY OF RECORD
*James E. Shelton*

## FOR OFFICE USE ONLY
RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____316 Covered Bridge Road, King of Prussia, PA 19406_____

Address of Defendant: _____c/o Cloud Peak Law, LLC, 1095 Sugar View Dr Ste 500, Sheridan, WY 82801_____

Place of Accident, Incident or Transaction: _____By phone call to Plaintiff's phone in King of Prussia, Pennsylvania_____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11/28/2022_    *James E. Shelton*    Pro Se
*Attorney-at-Law (Pro Se Plaintiff)*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases *(Please specify):* _TCPA, 47 U.S.C. 227_

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____James Everett Shelton_____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _11/28/2022_    *James E. Shelton*    Pro Se
Sign here if applicable
*Attorney-at-Law (Pro Se Plaintiff)*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

JAMES EVERETT SHELTON

                              :            CIVIL ACTION

           v.                 :

REGAL CAPITAL GROUP, LLC

                              :            NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

11/28/2022                         _James E. Shelton_ Pro Se         Pro Se
**Date**                          ~~Attorney-at-law~~ Pro Se         **Attorney for**
484-626-3942                                          jeshelton595@gmail.com

**Telephone**                       **FAX Number**                  **E-Mail Address**

(Civ. 660) 10/02